WO                                                                                            SH

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Eugene Pullen, | No.  CV 14-01935-PHX-SPL (JZB) |
| Petitioner, | |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

On September 4, 2014, Petitioner Kevin Eugene Pullen, who is confined in the Arizona State Prison Complex-Eyman, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*.  In an October 1, 2014 Order, the Court denied both and gave Petitioner 30 days to file an amended petition and to either pay the $5.00 filing fee or file a complete application to proceed.  On October 2, 2014, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) and a new Application to Proceed *In Forma Pauperis* (Doc. 8).  The Court will grant the Application to Proceed and will require an answer to the Amended Petition.

## I.     Application to Proceed *In Forma Pauperis*

Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 8) indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.  *See* LRCiv 3.5(b).

. . .

TERMPSREF

**II.     Amended Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 1990002473, of two counts of sexual conduct with a minor and two counts of sexual abuse and was sentenced to a 15-year term of imprisonment and lifetime probation.  In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises one ground for relief.

In Ground One, Petitioner alleges that his Fifth, Sixth, Eighth, and Ninth Amendment rights were violated when his lifetime term of probation was set to run consecutively to his 15-year term of imprisonment.

It does not appear that Petitioner presented the issues raised in Ground One to any Arizona appellate court.  However, even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred.  In light of the possibility of procedural bar, a summary dismissal would be inappropriate.  *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred).  Thus, the Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

**III.     Warnings**

**A.     Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Copies**

Because Petitioner is currently confined in an Arizona Department of Corrections unit subject to General Order 14-17, Petitioner is not required to serve Respondents with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  If Petitioner is transferred to a unit other than one

**TERMPSREF**

subject to General Order 14-17, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 14-17.

### C.   Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 8) is **granted**.

(2)   The Clerk of Court must serve a copy of the Amended Petition (Doc. 7) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)   Respondents must answer the Amended Petition within 40 days of the date of service.  Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

. . .

. . .

. . .

. . .

. . .

. . .

**TERMPSREF**

(4)     Petitioner may file a reply within 30 days from the date of service of the answer.

(5)     This matter is referred to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 30th day of October, 2014.

Honorable Steven P. Logan
United States District Judge